Elizabeth E. SIMMONS, f/k/a Elizabeth E. Pepper, Plaintiff,

v.

Peter D. MILLER, individually, and Peter D. Miller, P.C., an Indiana Corporation, Defendants.

No. IP 96–1045C–T/G.

United States District Court, S.D. Indiana, Indianapolis Division.

July 7, 1997.

Robert M. Crane, Anderson, IN, for Plaintiff.

Peter D. Miller, Indianapolis, IN, pro se.

### Entry Denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Cross–Motion for Summary Judgment

TINDER, District Judge.

The parties' cross–motions for summary judgment are before the court. The court finds that Plaintiff's motion for summary judgment should be **DENIED** and that Defendants' cross–motion for summary judgment should be **GRANTED.**

### I. Background

Plaintiff Elizabeth E. Simmons uttered a check on December 24, 1992, to Luxury Auto, Inc. ("LAI"). (Pl.'s Br. Supp. Mot. Partial Summ. J. at 5.) The $299.75 check was returned to LAI due to insufficient funds. (*Id.*) On February 3, 1992, LAI sent Plaintiff a letter requesting that she reimburse LAI for the check. (Schwartz Aff. ¶ 5, Ex. B.) Plaintiff·may not have received the letter and she definitely did not reply to it, (Simmons Dep. at 20); and the Postal Service never returned the letter to LAI, (Schwartz Aff. ¶ 6). LAI, lacking any record of further reply or payment by Simmons, (Schwartz Aff. ¶ 7), referred the check to Defendants for collection, (*id.* ¶ 8). On November 9, 1994, the Defendants mailed a letter by certified mail, return receipt requested, in which they made a formal demand that Simmons make good on the check; the letter contained a Fair Debt Collection Practices Notice informing Simmons that she could dispute the validity of the debt within 30 days. (Eden Aff. ¶ 3, Ex. A.) Plaintiff signed for the letter on November 12, 1994.[1] (*Id.* ¶ 4, Ex. B; Simmons Dep. at 21.) Plaintiff took no action on the letter. (Simmons Dep. at 22–24; Eden Aff. ¶ 5.) On July 27, 1995, Defendants commenced a debt–collection lawsuit by filing a Notice of Claim on behalf of LAI seeking

---

1. Strangely, Plaintiff concedes in her deposition that she signed the return receipt, but denies that she received the contents of the envelope.

treble damages on the bad check pursuant to Indiana Code § 34–4–30–1. (Pl.'s Br. Supp. Mot. Partial Summ. J. at 5.)

## II. Summary Judgment Standard

The Seventh Circuit stated the standard for summary judgment in *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971 (7th Cir. 1996):

> Under FED.R.CIV.P. 56(c), summary judgment is warranted only if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law."
>
> The initial burden of production rests with the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting FED.R.CIV.P. 56(c)). Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e).

*Id.* at 978. The nonmovant cannot just demonstrate some factual disagreement between the parties; the issue must be "material." Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party...." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see also Sokaogon Chippewa Community v. Exxon Corp.*, 2 F.3d 219, 225 (7th Cir.1993), *cert. denied*, 510 U.S. 1196, 114 S.Ct. 1304, 127 L.Ed.2d 655 (1994); *Colosi v. Electri–Flex Co.*, 965 F.2d 500, 503–04 (7th Cir.1992). If there is no genuine issue of material fact, the only question is whether the moving party is entitled to judgment as a matter of law. *Miranda v. Wisconsin Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir.1996).

Supplementing Rule 56, this district promulgated Local Rule 56.1 to establish procedures for summary judgment motions. Local Rule 56.1 requires the party moving for summary judgment to file a Statement of Material Facts and the party opposing the motion to file a Statement of Genuine Issues "setting forth ... all material facts as to which it is contended there exists a genuine issue necessary to be litigated." S.D. IND. L.R. 56.1. The effect of these requirements is apparent:

> In determining the motion for summary judgment, the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file.

*Id.* Read together, Rule 56 and Local Rule 56.1 stand for the proposition that if the party opposing summary judgment fails to demonstrate the existence of a genuine issue of material fact, the facts offered by the movant, and contained in the record, are the basis of the summary judgment decision.

## III. FDCPA Standard

The Fair Debt Collection Practices Act ("FDCPA") seeks "to eliminate abusive debt collection practices ... and ... to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e) (West 1982 & Supp. 1997). The Seventh Circuit evaluates alleged violations of the FDCPA by viewing a debt collector's conduct through the eyes of the "unsophisticated consumer." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir.1996) (rejecting the "least sophisticated consumer" standard). "The unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness. The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id.*

## IV. Discussion

With respect to Claims II, III and IV, Plaintiff alleges that Defendants "knew, or reasonable [sic] should have known, the claim [they filed] was time–barred." (Pl.'s Br. Supp. Mot. Partial Summ. J. at 15.) Plaintiff then maintains that, because the debt–collection suit was time–barred, the suit violates three provisions of the FDCPA in that: (1) the suit was a deceptive threat used in an attempt to collect an alleged debt from an unsophisticated consumer in violation of 15 U.S.C. § 1692e(2)(A), (*id.* at 16); (2) the suit violates 15 U.S.C. § 1692f(1) because the suit is not authorized by law or agreement, (*id.* at 16–18); and, (3) the suit violates the catch-all proscription against other improper conduct found in 15 U.S.C. § 1692d, (*id.* at 18–20).

■ Defendants' liability on Counts II, III and IV hinges on whether Defendants knowingly brought a time–barred action against Plaintiff. Plaintiff boldly cites *Browning v. Walters*, 616 N.E.2d 1040, 1046–47 (Ind.Ct. App.1993) for the proposition that Indiana law imposes a two–year statute of limitations on lawsuits filed pursuant to IND.CODE § 34–4–30–1. However, in the absence of a statute of limitations expressed in the statute, or until such time as the Indiana Supreme Court speaks on the matter, *Browning* is persuasive authority and *not* necessarily the law of Indiana. *Commissioner v. Bosch*, 387 U.S. 456, 464–66, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886 (1967) (where highest court of a state has not spoken, lower court rulings are not controlling); *see Troue v. Marker*, 145 Ind.App. 111, 249 N.E.2d 512, 514 (1969) (Indiana appellate courts are bound by Indiana Supreme Court pronouncements until changed, either by the Supreme Court or legislative enactment) (citing *In re Petitions to Transfer Appeals, etc.*, 202 Ind. 365, 174 N.E. 812, 817 (1931)). In applying Indiana law, this court, and other Indiana courts trying to determine how the state's highest court might rule, may adopt the alternative view that the statute of limitations for the underlying substantive offense, here the six–year statute of limitations applicable to check deception, *see* IND.CODE §§ 34–1–2–2(5), should govern. *See Ross v. Creighton Univ.*, 957 F.2d 410, 413 (7th Cir.1992) (in absence of state statute or controlling precedent, courts must determine how state's highest court would decide).

The *Browning* court observed that the Indiana Supreme Court had not yet spoken on the appropriate statute of limitations for actions brought pursuant to § 34–4–30–1. *Browning*, 616 N.E.2d at 1046. The Indiana Supreme Court still has not addressed the question. However, although this court is skeptical of Plaintiff's pronouncement that the two–year statute of limitations time–bars Defendants' debt–collection action, this court need not decide which limitations period is applicable.

This court need not decide Indiana law in this case, because, in determining whether Defendants violated the FDCPA, it is irrelevant which statute of limitations applies to the debt–collection action. As already noted, the FDCPA seeks to proscribe *intentional* creditor misconduct; yet, for one of at least three reasons, intentional misconduct is not present here. First, neither the Indiana Legislature nor the Indiana Supreme Court have pronounced that the two–year statute of limitations is the law of Indiana; therefore, the suit in fact may not have been time–barred. Second, even if the two–year statute of limitations was the law in Indiana, Defendants properly could have asserted a good–faith basis to change that law. *See Orr v. Turco Mfg. Co.*, 512 N.E.2d 151, 152 (Ind. 1987) (lawyers have professional responsibility to argue for modification or reversal of existing law); IND. RULES OF PROFESSIONAL CONDUCT Rule 3.1 (lawyers may bring actions based on good faith argument for modification or reversal of existing law). Third, even if the two–year statute of limitations applied, Defendants could have sought to amend the suit to proceed only on the underlying substantive offense without seeking treble damages. They could have likewise voluntarily dismissed the suit and refiled on the underlying insufficiently funded check only. In either event, it would still be a debt–collection suit, and it would be undisputed that it was not time–barred; thus, the FDCPA would not even be implicated. Merely filing suit to collect the debt in this case, therefore, does

not raise the concerns that the FDCPA seeks to guard against.

■ Any one of the above reasons supports the conclusion that Defendants did not knowingly file a time–barred suit; therefore, as the following discussion will make clear, they could not have violated the FDCPA as alleged. Plaintiff alleges in Count II that Defendants violated 15 U.S.C. § 1692e, which prohibits the making of a false representation of "the legal status of any debt," by filing a suit they knew was time–barred. Section 1692e was intended to prohibit debt collectors from knowingly or intentionally misrepresenting the legal status of a debt. *Lindbergh v. Transworld Sys.*, 846 F.Supp. 175, 178 (D.Conn.1994) (citing *Hubbard v. National Bond & Collection Assocs.*, 126 B.R. 422, 427 (D.Del.1991), *aff'd*, 947 F.2d 935 (3d Cir.1991) (holding that the plain language of Section 1692e "was intended to prohibit only knowing or intentional misrepresentations by debt collectors")), *see Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir.1992) (holding that an unintentional, bona fide error did not give rise to a violation of the FDCPA).

■ Consistent with the court's earlier analysis regarding the statute of limitations, either because Defendants thought the six–year statute of limitations applied, because they felt it was unsettled which statute of limitations applied, or because they had a good faith belief that the six–year statute of limitations should apply, it cannot be said that they knowingly or intentionally sought to misrepresent the legal status of the underlying debt.

Defendants' evidentiary submissions establish that they did not knowingly or intentionally seek to recover a time–barred debt. Plaintiff has failed to submit any genuine issue of material fact to controvert that Defendants did not intentionally. disregard a statute of limitations; therefore, as a matter of law, Defendants did not violate § 1692e as alleged in Count II. 15 U.S.C. § 1692k(c) (providing that "[a] debt collector may not be held liable ... if [it] shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of

procedures reasonably adapted to avoid such error").

■ The Count II analysis and conclusion applies with equal vigor to Count III, which alleges that Defendants violated § 1692f(1) by attempting to collect a debt not "authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Since Defendants did not know that their debt collection lawsuit was time–barred, if in fact it was, they could not have knowingly or intentionally attempted to collect a debt not permitted by law. *See Lindbergh*, 846 F.Supp. at 178; *Ducrest v. Alco Collections, Inc.*, 931 F.Supp. 459, 462 (M.D.La.1996) (plaintiff must show knowing attempt to collect a charge not permitted by law).

■ The court cannot, therefore, sustain Plaintiff's allegations that Defendants' debt–collection action violated any portion of the FDCPA because the debt–collection action was time–barred. However, the court must address one further item with respect to Counts II and III. Although not argued in her motion for summary judgment, Plaintiff contends in Counts II and III of her Complaint that Defendants' attempt to collect on a debt that had already been paid is an alternate reason to find that Defendants violated §§ 1692e and 1692f(1). To the extent that Plaintiff did not abandon this contention, by failing to raise it in her motion for summary judgment, or by failing to submit it as a genuine issue in opposition to Defendants' motion for summary judgment, the court rejects it anyway. The record shows that Plaintiff received and failed to reply to Defendants' letter of November 9, 1994; that there is no record of Plaintiff paying the debt; and that LAI informed Defendants that Plaintiff had not paid the debt. For all of these reasons, it is uncontroverted that Defendants did not know the debt had been paid. Therefore, as a matter of law, Defendants did not knowingly attempt to collect a debt that had already been paid.

■ Plaintiff next alleges, in Count IV, that the collection suit, because it was allegedly time–barred, violates the FDCPA's catch–all proscription against "other improp-

er conduct." S.Rep.No. 95–382, at 4 (1977)U.S. Code Cong. & Admin. News 1977 at 1695, 1698; 15 U.S.C. § 1692d (proscribing "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt....") In the first instance, the court has already found that the suit either was not time–barred or that Defendants did not intentionally attempt to collect a time–barred (or already paid) debt. More important, as Plaintiff admits, § 1692d was intended to prohibit conduct not specifically covered by other provisions of the FDCPA. (Pl.'s Br. Supp. Mot. Summ. J. at 18–19.) Yet, Plaintiff's cited bases for Count IV are expressly proscribed by the FDCPA. Indeed, they are the very bases Plaintiff used to allege liability under §§ 1692e and 1692f(1). Therefore, resort to the catch–all provision would be improper and contrary to congressional intent. Second, examination of some of the conduct that § 1692d expressly proscribes illustrates the character of the conduct contemplated by that section. For example, the use of strong–arm tactics, the use of profanity, the publication of debtors' names, and the continual telephoning of the debtor are the types of conduct found in § 1692d's nonexhaustive list. This type of conduct is not present in the instant case. Third, §§ 1692e and 1692f(1) expressly *exclude* from liability, under the FDCPA, actions "permitted by law." As a matter of law, then, the good–faith filing of a proper lawsuit to collect a debt, as in this case, is not the type of harassing, unfair, abusive, or deceptive collection practice sought to be proscribed by the FDCPA in general, or by § 1692d in specific.

In sum, under the circumstances presented here, the court finds that the Plaintiff has failed to allege or otherwise create any genuine issue of material fact as to whether the Defendants intentionally or knowingly attempted to collect a time-barred debt or an already paid debt, or otherwise engage in abusive, harassing or oppressive conduct in attempting to collect a debt. Accordingly, Plaintiff's motion for summary judgment will be **DENIED,** and Defendants' cross-motion for summary judgment on Counts II, III and IV will be **GRANTED.**

Turning to Counts I and V, Plaintiff alleges that Defendants violated the FDCPA by failing to comply with technical provisions of the FDCPA. In Count I, Plaintiff asserts that Defendants' failure to include a validation notice, either in the Notice of Claim or in follow-up communication, violated 15 U.S.C. § 1692g(a). (Compl.¶¶ 10–11.) Defendants counter that their November 9, 1994, letter, which did prominently display the required notice, was the first communication regarding the collection of the debt. Plaintiff neither discusses the matter in her summary judgment arguments, nor files an opposition to Defendants' motion for summary judgment.

■ The Defendants did comply with the FDCPA's validation notice requirement. Defendants' November 9, 1994, letter contained the required notice. (Def.s' Resp. Pl.'s Mot. Summ. J. and Def.s' Mot. Summ. J.; Ex. A.) Generally, a letter, properly addressed and deposited at a post office, is rebuttably presumed to have been received by the addressee. *Rosenthal v. Walker,* 111 U.S. 185, 193, 4 S.Ct. 382, 386, 28 L.Ed. 395 (1884); *Godfrey v. United States,* 997 F.2d 335, 338 (7th Cir.1993); *Sebasty v. Perschke,* 404 N.E.2d 1200, 1201 (Ind.Ct.App.1980). Simmons has presented no evidence to rebut this presumption. *Cf. McPartlin v. Commissioner,* 653 F.2d 1185, 1191 (7th Cir.1981) (absence of return receipt from certified mailing rebuts presumption of delivery). In fact, Ms. Simmons admits she signed for and received the envelope. The return receipt verifies that she did indeed receive it; however, she maintains that she did not receive the contents of the letter. While the Supreme Court has not addressed these peculiar facts, there is persuasive authority that her mere denial of receipt is insufficient as a matter of law to rebut the presumption of receipt. *Meckel v. Continental Resources Co.,* 758 F.2d 811, 817 (2d Cir.1985) (proof of proper mailing raises presumption that contents were received; and some proof beyond mere denial of receipt must be adduced to overcome presumption and thereby survive summary judgment).

However, it is not necessary for the court to resolve whether Simmons' denial of receipt of the contents is sufficient to survive summary judgment under Indiana law. The question in this case is not whether Plaintiff received the contents, rather, it is whether Defendants complied with the FDCPA. The undisputed facts establish that Defendants did comply with the FDCPA requirements. Defendants included the proper notice of Plaintiff's right to contest the debt, they properly posted the letter, Plaintiff received the letter, and Plaintiff signed for the letter. When Simmons opened the envelope and allegedly did not find the letter in question, she could have contacted Defendants to inform them that she did not receive the contents. She did not contact Defendants. Thus, Defendants could not rectify a situation that they did not know existed. In any event, as far as Defendants knew, Simmons received the letter and its FDCPA–compliant contents. More important, they did all that was required by the FDCPA. Indeed, even if their attempt to comply with the FDCPA somehow fell short, the mere attempt to comply is contrary to the intentional abusive debt collection practices sought to be proscribed by the FDCPA.

Equally fatal to Plaintiff's claim, is her failure to designate the non–receipt of the contents as a general issue of material fact. In fact, Plaintiff did not even file an opposition to Defendants' cross–motion for summary judgment. Further, neither did she mention non–receipt of the letter in her own motion for summary judgment. Thus, in accordance with Local Rule 56.1, the court may properly deem to exist without controversy the Defendants' assertion that their first communication with Simmons contained the proper notice, and that Defendants complied with the FDCPA's validation notice requirements. *Waldridge v. American Hoechst,* 24 F.3d 918, 922–24 (7th Cir.1994).

For the foregoing reasons, there is insufficient evidence on this record to raise a genuine issue of material fact as to whether the Defendants made any improper communications with the Plaintiff or failed to make required disclosures. Accordingly, Plaintiff's motion for summary judgment on Count I will be **DENIED,** and Defendants' cross–motion for summary judgment on Count I will be **GRANTED.**

■ In Count V, Plaintiff alleges that Defendants' failure to disclose on the Notice of Claim that they were attempting to collect a debt violated 15 U.S.C. § 1692e(11). (Compl.¶¶ 25–27.) While the parties agree that the FDCPA applies to litigation activities by lawyers, (Pl.'s Br. Supp. Mot. Partial Summ. J. at 11–12), Defendants maintain that the Notice of Claim is not a "communication" within the statute's purview, (Def.s' Resp. Pl.'s Mot. Summ. J. and Def.s' Mot. Summ. J. at 11).

Defendants' argument concludes that if a complaint filed with a court is a "communication," then, the § 1692e(11) requirement to disclose would violate § 1692c(b)'s requirement not to communicate information concerning the debt collection with third parties, and, thereby preclude filing a complaint without a debtor's consent. (*Id.* at 11–14.) Indeed, any third party accessing the public filings would have access to any debt collection information placed on the Notice of Claim, seemingly in violation of the FDCPA. Defendants also observe that the filing of a complaint could violate § 1692c(c)'s direction to stop collection activity at a debtor's request. (*Id.* at 13.) Defendants' ultimate conclusion that Congress did not intend to prohibit debt collectors from filing suit, as evidenced by § 1692i ("legal actions by debt collectors"), is well taken. More important, though, Plaintiff admits that the Notice of Claim was "very clear" and was "not misleading." (Simmons Dep. at 18.) Thus, viewing the Notice of Claim through Simmons' eyes, unsophisticated or not, it is clear that she knew the action was for the collection of a debt, which is all the disclosure that § 1692e(11) requires.

For Defendants to avoid liability on Count V, it is enough that Simmons knew the Notice of Claim was for the collection of the debt. There is, however, even more compelling support for the conclusion that the Notice of Claim is not within the purview of the statute. 15 U.S.C. § 1692e(11) was amended prior to the start of the instant action; now, in case there was any doubt before, the

disclosure requirements of § 1692e(11) expressly "shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C.A. § 1692e(11) (West Supp.1997). The court holds that the Defendants' formal filing of the Notice of Claim did not violate 15 U.S.C.A. § 1692e(11), even as the statute stood prior to the September 30, 1996, amendment. Accordingly, Plaintiff's motion for summary judgment on Count V will be **DENIED,** and Defendants' cross–motion for summary judgment on Count V will be **GRANTED.**

This leaves only Plaintiff's state law claims. The court's original jurisdiction in this case was based on the FDCPA, a federal statute. *See* 28 U.S.C. § 1331 (federal question jurisdiction). The court had supplemental jurisdiction over the state–law claims alleged in Counts VI and VII. 28 U.S.C. § 1367(a). However, because the court will grant summary judgment in favor of Defendants, thus dismissing Counts I through V, original jurisdiction is now lacking. Consequently, the court properly chooses to exercise its discretion under 28 U.S.C. § 1367(c) and hereby **DISMISSES WITHOUT PREJUDICE** Counts VI and VII.[2]

### V. Conclusion

For all of the reasons stated above, the court finds that (1) Plaintiff's motion for summary judgment is **DENIED,** (2) Defendants' cross–motion for summary judgment is **GRANTED** and Counts I through V will be **DISMISSED WITH PREJUDICE,** and (3) Counts VI and VII will be **DISMISSED WITHOUT PREJUDICE.**

---

**2.** Although Counts VI and VII are being dismissed for lack of jurisdiction, the court observes that the counts appear to be without merit under Indiana law. As the court has already found, Defendants did not intentionally seek to collect either a paid debt or a time–barred debt. Thus, Defendants did not by outrageous conduct intentionally or recklessly seek to inflict emotional distress upon Plaintiff. *See Cullison v. Medley,* 570 N.E.2d 27, 31 (Ind.1991) (recognizing tort of intentional infliction of emotional distress in Indiana only if facts show *intent* to cause emotional injury). Similarly, "being left alone" is not one of the four separate forms of invasion of privacy—*i.e.,* appropriation, intrusion, public disclosure of private facts, or false light in the public eye—recognized in Indiana. *See id.* Here, Plaintiff's Complaint comes closest to alleging intrusion, yet, this typically entails an "intrusion upon the plaintiffs physical solitude or seclusion as by invading [her] home or conducting an illegal search." *Id.* There was no physical invasion in this case and consequently no invasion of privacy. Indiana courts, however, are better equipped to decide these matters on the merits.