# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-3511

STEPHEN P. TURNER,

*Plaintiff-Appellant,*

v.

J.V.D.B. & ASSOCIATES, INC.,
AN ILLINOIS CORPORATION,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 5896— **Ian H. Levin**, *Magistrate Judge.*

ARGUED APRIL 11, 2003—DECIDED JUNE 4, 2003

Before EASTERBROOK, MANION, and DIANE P. WOOD, *Circuit Judges.*

MANION, *Circuit Judge.* Stephen P. Turner sued a debt collector, J.V.D.B. & Associates, Incorporated, alleging that J.V.D.B. violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and f, by attempting to collect a $97.80 debt that had been discharged in bankruptcy. The district court granted summary judgment to J.V.D.B. on the ground that the debt collector was unaware of Turner's bankruptcy as a matter of law. For the reasons set forth below, we reverse and remand as to § 1692e and affirm as to § 1692f.

## I.

Stephen P. Turner's $97.80 debt to Pre-Paid Local Access Phone Service Company was discharged in bankruptcy, and Pre-Paid received notice of the discharge on March 22, 2000 and July 5, 2000. By July 2000, Turner's bankruptcy was listed on his credit reports, as maintained by credit reporting agencies. At some point Pre-Paid turned the claim over to a debt collector, J.V.D.B. & Associates, Incorporated (J.V.D.B.), which sent a collection letter to Turner dated March 29, 2001. That letter was printed on J.V.D.B.'s letterhead, stated at the top that the account balance due to Pre-Paid was $97.80, and contained the following text:

> This is an attempt to collect a debt and any information used will be obtained for that purpose.

> The above claim has been referred to this office for collection.

> Pursuant to Public Law 95-109, Unless [sic] you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

> Very truly yours,

> J.V.D.B. & Associates, Inc.

> Collection Agency

Turner did not respond directly to the letter. Rather, he forwarded it to his attorney, who then brought suit under 15 U.S.C. §§ 1692e and f of the Fair Debt Collection Practices Act (FDCPA). The attorney also wrote J.V.D.B. with notice of the bankruptcy, and J.V.D.B. then closed its file. Section 1692e generally prohibits "false, deceptive or misleading" collection activities. Section 1692f prohibits any "unfair or unconscionable means to collect or attempt to collect any debt." In his suit, Turner maintained that J.V.D.B. violated both provisions by essentially telling him that he had to pay a debt that had been discharged in bankruptcy, thus misrepresenting the legal status of the debt.

The district court granted J.V.D.B.'s motion for summary judgment on the ground that there was no evidence from which a reasonable fact-finder could conclude that J.V.D.B. knew that Turner's debt was discharged in bankruptcy. *Turner v. J.V.D.B. & Assocs., Inc.*, 211 F. Supp. 2d 1108, 1109 (N.D. Ill. 2002). The court below also denied Turner's cross-motion for summary judgment without discussing Turner's arguments. *Id.* at 1111. Turner appeals.

## II.

This court reviews the district court's grant of summary judgment *de novo*, construing all facts in favor of the nonmoving party. *Rogers v. City of Chicago*, 320 F.3d 748, 752 (7th Cir. 2003). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "[s]ummary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Rogers*, 320 F.3d at 752.

A.  Section 1692e

Section 1692e, as explained above, generally prohibits "false, deceptive or misleading" collection activities. More specifically, as it applies to our situation, the provision prohibits the "false representation" of "the legal status of any debt." 15 U.S.C. § 1692e(2)(A). In this case, Turner's theory is that J.V.D.B. falsely represented the legal status of his debt by insinuating that, despite the debt's discharge in bankruptcy, Turner was nonetheless obligated to pay the $97.80 obligation that he had incurred to Pre-Paid before his bankruptcy petition. In short, by asserting Turner owed a debt that no longer existed, on its face the letter was false. Relying on *Hubbard v. National Bond & Collection Associates*, 126 B.R. 422, 427 (D. Del.), *aff'd without opinion*, 947 F.2d 935 (3d Cir. 1991), the district court granted summary judgment to J.V.D.B., reasoning that, as a matter of law, the debt collector lacked knowledge of Turner's bankruptcy and therefore could not be held liable for sending Turner a collection letter regarding the debt to Pre-Paid.

Although J.V.D.B. was unaware of the bankruptcy, under § 1692e ignorance is no excuse. This circuit has held that "§ 1692e applies even when a false representation was unintentional." *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996) (because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages)). Moreover, our test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer. *Gammon v. GC Servs. Ltd. P'Ship*, 27 F.3d 1254, 1257 (7th Cir. 1994); *see also id.* at 1259

(Easterbrook, J., concurring) (reasoning that "the trier of fact must inquire whether a misleading implication arises from an objectively reasonable reading of the communication"). Although the existence of the debt collector's knowledge may be relevant insofar as it sheds light on the actual effect that a communication is likely to have on the unsophisticated consumer, the debt collector's subjective intent or belief is not dispositive of our inquiry under § 1692e. *Id.* at 1258. Regarding § 1692e, then, it was legal error for the district court to treat J.V.D.B.'s lack of knowledge as determinative and to grant summary judgment on that basis. Furthermore, a reasonable jury could conclude as a matter of fact that a misleading implication (that Turner had to pay the $97.80 debt) arises from an objectively reasonable reading of J.V.D.B.'s collection letter of March 29, 2001. We therefore reverse as to § 1692e.

We observe that, on remand, the district court might confront the question of knowledge if J.V.D.B. were to put forth a proper motion asserting the affirmative defense provided by § 1692k(c). *Id.* Under that subsection, which is entitled "Intent," a debt collector that violates § 1692e, or any other substantive provision of the FDCPA, can avoid liability by proving by a preponderance of the evidence that (1) the violation was unintentional, resulting from a "bona fide error," and (2) that error occurred "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Jenkins v. Heitz*, 124 F.3d 824, 828 (7th Cir. 1997). To the extent that J.V.D.B. were to rely on § 1692k(c), proof that it was unaware of the bankruptcy would be a logical first step. J.V.D.B. could also show that it had taken reasonable preventive measures to avoid such mistakes (such as an agreement with its creditor-clients that debts are current and the demand letter was sent soon after the assignment).

B.   Section 1692f

We now turn to § 1692f, which states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Turner's theory is that J.V.D.B., via its letter of March 29, 2001, violated this provision by attempting to collect a debt that was discharged in bankruptcy. As it had in regard to § 1692e, the district court reasoned that knowledge of the bankruptcy was a necessary element of liability under § 1692f and granted J.V.D.B. summary judgment because there was no evidence that it knew that Turner's debt was discharged. But the focus of this section is on the means used to collect, here the collection letter. Whether the debt collector's own knowledge (in this case, of the bankruptcy) is a prerequisite to liability under § 1692f is an issue of first impression in this court. The weight of authority, including an opinion from one of our sister circuits, applies an objective test to determine liability under § 1692f.[1] The test does not hinge on the defendant's knowledge, but rather upon how a consumer would perceive the demand letter. These authorities endorse the proposition that the collector's knowledge is not a condition for violat-

---

[1]  *See, e.g.*, *Wade v. Regional Credit Assoc.*, 87 F.3d 1098, 1100 (9th Cir. 1996); *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1099 (D. Or. 2000); *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1361-62 (S.D. Fla. 2000); *Alger v. Ganick, O'Brien & Sarin*, 35 F. Supp. 2d 148, 154 (D. Mass. 1999); *Pittman v. J.J. MacIntyre Co. of Nev., Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997); *Johnson v. Eaton*, 873 F. Supp. 1019, 1022-23 (M.D. La. 1995); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1461-62 (C.D. Cal. 1991); *Kimber v. Federal Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987). *But see Simmons v. Miller*, 970 F. Supp. 661, 665 (S.D. Ind. 1997); *Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459, 462 (M.D. La. 1996).

ing § 1692f; rather, they hold that the existence of a violation hinges on objective factors that relate to a consumer who receives the demand for payment.

The statutory text supports this view. Section 1692f provides a non-exhaustive list of examples of statutory violations, some of which clearly provide for liability without the collector's knowledge of a misstatement or other error. Section 1692f states, without qualification, that "the following conduct is a violation of this section." Section 1692f(1), for example, prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Whether the collection of a debt violates § 1692f(1) depends solely on two factors: (1) whether the debt agreement explicitly authorizes the charge; or (2) whether the charge is permitted by law. The provision is silent as to the debt collector's intent, yet it is clear that a collector who collected or attempted to collect a charge unauthorized by the debt agreement or by law, even by accident, would violate § 1692f(1). *Johnson v. Statewide Collections, Inc.*, 778 P.2d 93, 101 (Wyo. 1989). Similarly, § 1692f(2) prohibits a debt collector from accepting "from any person a check or other instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit." The provision is silent as to the issue of knowledge, and it is clear that a debt collector who inadvertently accepted a postdated check, perhaps without looking at the date written on the document, and then failed to provide the requisite notice, would contravene § 1692f. Contrary to the district court's view, knowledge of the mistake is not a prerequisite to

liability under § 1692f. Both §§ 1692f(1) and (2) presume liability.

Any application of § 1692f, moreover, requires an integrated reading of the statute. We have stated before that "[t]he FDCPA, as with all statutes, must be considered as a whole." *Jenkins*, 124 F.3d at 828. As we discussed above, § 1692k(c) allows a debt collector that violates § 1692f, or any other substantive provision of the FDCPA, to avoid liability by proving by a preponderance of the evidence that (1) the violation was unintentional, resulting from a "bona fide error," and (2) that error occurred "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Id.* Were we to interpret § 1692f as containing the element of intent, we would arguably be rendering § 1692k(c) superfluous, because a debt collector who violates § 1692f would, *per se*, be found to have done so with knowledge and would thus be ineligible for the affirmative defense of § 1692k(c). *Kaplan*, 88 F. Supp. 2d at 1362; *Alger*, 35 F. Supp. 2d at 154. We thus hold that § 1692f does not contain the element of knowledge. Any defense pertaining to the collector's knowledge or lack thereof must be raised under § 1692k(c).

Although we hold that the district court erred in ruling that § 1692f requires knowledge of the bankruptcy, that error does not ensure victory for Turner on this issue. We may affirm the district court's ruling on any basis that the record sufficiently supports. *Burda v. M. Ecker Co.*, 2 F.3d 769, 773 (7th Cir. 1993). For this analysis, we must first identify the legal standard that a plaintiff must meet in order to prove a violation of § 1692f. Although we have not squarely addressed this question, our opinion in *Gammon* is instructive. In that case, we held that the unsophisticated consumer standard should apply to claims under § 1692e because that standard would vin-

dicate the FDCPA's purpose of protecting consumers of below-average sophistication and who are thus especially vulnerable to unscrupulous debt collectors. *Gammon*, 27 F.3d at 1257 (citing *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). The unsophisticated consumer test applies to § 1692f as well because it would effect the same overall purposes of the FDCPA.

Under the unsophisticated consumer standard, as explained above, we view the debt collector's communication through the eyes of an unsophisticated, but reasonable, consumer. *Jang v. A.M. Miller and Assocs.*, 122 F.3d 480, 483-84 (7th Cir. 1997). Applying the standard to this case, we determine whether it would be an "unfair or unconscionable means" of debt collection to send a letter to a consumer, whose debt had been discharged in bankruptcy, stating that he owes a certain amount to a specific creditor, and then containing the following text:

> This is an attempt to collect a debt and any information used will be obtained for that purpose.

> The above claim has been referred to this office for collection.

> Pursuant to Public Law 95-109, Unless [sic] you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We do not see how a reasonable jury could conclude that furnishing this information would, in any sense, be an "unfair or unconscionable means" of debt collection when directed toward an unsophisticated but reasonable consumer whose debt had been discharged in bankruptcy. On the contrary, by sending this letter, J.V.D.B. was merely following almost to the word § 1692g(a), which *requires* collectors seeking to collect a debt to provide precisely the sort of information that J.V.D.B. provided to Turner.[2]

---

[2]  Section 1692g(a) provides as follows:

  (a)  Notice of debt; contents

  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

  (1)  the amount of the debt;

  (2)  the name of the creditor to whom the debt is owed;

  (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(continued...)

Although a jury is entitled to find that this notice violated § 1692e insofar as it falsely implied that Turner had to pay a debt discharged in bankruptcy, it would not logically follow for us to hold that, whenever a debt collector unlawfully attempts to collect a debt that is discharged in bankruptcy, or is otherwise unenforceable, its mere provision of the information mandated by § 1692g(a) automatically creates further liability under § 1692f. In other words, we hold that a letter simply providing the information required by § 1692g(a) is not an unfair or unconscionable means of debt collection under § 1692f, even when the debt collector may have violated some other provision of the FDCPA. We therefore affirm summary judgment in J.V.D.B.'s favor as to § 1692f.

C.   Turner's Cross-Motion for Summary Judgment

As mentioned above, the district court denied Turner's cross-motion for summary judgment. On appeal, Turner urges us to direct entry of summary judgment in his favor. Federal Courts of Appeals have the authority under 28 U.S.C. § 2106 to provide that relief when so doing would be "just under the circumstances." *Morgan Guaranty Trust Co. v. Martin*, 466 F.2d 593, 600 (7th Cir. 1972). In most instances, however, such a decision is best made by the district court; we would rarely find it appropriate to direct the entry of summary judgment. *Id.*

---

[2] (...continued)

(5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

   This case is not an exception to the rule. The district court did not address the merits of Turner's cross-motion for summary judgment and, on the state of this record, we are not satisfied as a matter of law that Turner is entitled to prevail in what remains of his suit, although nothing in this opinion necessarily precludes the court below from so concluding pursuant to a proper motion. We therefore decline Turner's invitation to direct the entry of summary judgment in his favor.

## III.

   Because knowledge is not an element of a violation of 15 U.S.C. § 1692e, and because Turner has presented evidence from which a reasonable jury could conclude that J.V.D.B. made a false, deceptive, or misleading representation about the legal status of Turner's debt, we reverse the district court's grant of summary judgment in favor of J.V.D.B. regarding § 1692e and remand for proceedings not inconsistent with this opinion. Although we hold that § 1692f also contains no knowledge requirement, we affirm summary judgment in J.V.D.B.'s favor as to that provision because merely sending a letter providing the information mandated by § 1692g(a) does not constitute an "unfair or unconscionable means" of debt collection under § 1692f. Finally, we decline to assess the merits of Turner's cross-motion for summary judgment because the district court should adjudicate his substantive arguments in the first instance.

                              REVERSED AND REMANDED IN PART;
                                              AFFIRMED IN PART.

No. 02-3511                                                            13

A true Copy:

     Teste:


                         _____
                         *Clerk of the United States Court of*
                           *Appeals for the Seventh Circuit*