UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 25, 2006
Decided October 16, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 05-2536 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| Stephen P. Turner, *Plaintiff-Appellant*, | |
| | No. 01 C 5896 |
| *v.* | |
| | **Ian H. Levin**, *Magistrate Judge*. |
| J.V.D.B. & Associates, Inc., *Defendant-Appellee*. | |

**O R D E R**

Stephen P. Turner brings this appeal of the district court's entry of judgment for J.V.D.B. & Associates after holding a bench trial.  As we recounted in the previous appeal in this case, Stephen P. Turner sued a debt collector, J.V.D.B. & Associates, alleging that J.VD.B. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 e and f, by attempting to collect a $97.80 debt that had been discharged in bankruptcy.  The district court granted summary judgment to J.V.D.B. on the ground that the debt collector was unaware of Turner's bankruptcy as a matter of law. *Turner v. J.V.D.B. & Assoc., Inc.* 330 F.3d 991, 994 (7th Cir. 2003).  Turner appealed from that decision, and we affirmed as to § 1692f and reversed and remanded as to § 1692e.  Regarding § 1692e, we directed the district court to address whether J.V.D.B.'s collection letter implied to a reasonably

objective, but unsophisticated consumer, that the debt discharged in bankruptcy was still payable. We further directed that if J.V.D.B. raises the affirmative defense provided by § 1692k(c), the district court should determine whether J.V.D.B. could avoid liability by proving that its error was bona fide and that "the error occurred notwithstanding reasonable procedures to avoid such error." *Turner*, 330 F.3d at 995-96 (citations and internal quotations omitted).

On remand, the parties consented to proceed before a magistrate judge. The magistrate judge permitted J.V.D.B. to amend its answer to include the affirmative defense provided by § 1692k(c). Turner then filed a motion to dismiss on J.V.D.B.'s bona fide error defense. The magistrate judge converted Turner's motion into a summary judgment motion, and the court then granted Turner summary judgment on the bona fide error defense concluding that J.V.D.B.'s procedures were, as a matter of law, insufficient to rise to the level of reasonable procedures that would qualify J.V.D.B. for a bona fide error defense. This decision properly addressed the second part of our mandate by considering the appropriateness of the bona fide error affirmative defense, 15 U.S.C. § 1692k(c) and resolved this issue by denying J.V.D.B.'s assertion of this defense. The parties do not raise this issue on appeal, and therefore we need not address it further.

After the parties waived their right to a jury trial, the magistrate judge conducted a bench trial. Following trial, the court entered judgment in favor J.V.D.B. However, in doing so, the court failed to set forth its findings of fact and conclusions of law, as required by Rule 52. Rather, as a transcript of the court proceedings captures, in ruling in favor of J.V.D.B., the court merely stated:

> Here the trier of fact, namely myself, must inquire whether a misleading implication arises from an objectively reasonable reading of the subject letter. In pertinent part, the letter herein sets forth that defendant has the right and opportunity to dispute the debt before the defendant will consider the debt valid for collection. In fact, the letter specifies that only if a notice disputing validity within a Certain [sic] time is not sent will the defendant, quote, "consider this debt is valid," end quote.

> In view of the foregoing, the Court finds the defendant not liable as a false, deceptive or misleading implication does not arise from an objectively-reasonable reading of the subject letter. Accordingly, judgment will be entered for the defendant.

From this brief statement, it appears that the court ruled in favor of J.V.D.B. merely because the collection letter included the statutory verification notice.

However, as we held in *Turner v. J.V.D.B. & Associates*, 330 F.3d at 998, a letter that includes a statutory verification notice may still violate § 1692e, if it leads an objectively reasonable, but unsophisticated recipient, to believe the discharged debt is still payable. *See also Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 417 (7th Cir. 2005) (citation omitted) (holding that determining the existence a violation of § 1692e when the statutory verification notice is contained in the letter, "turns on whether the specific text contains any impermissible overshadowing or contradiction with respect to the validation notice"). We remanded the initial appeal to the district court to address whether this letter could lead an objectively reasonable, but unsophisticated recipient, to believe the discharged debt was still payable. Merely focusing on the statutory notice contained in the letter, see 15 U.S.C. § 1692g(a), as the court did, neither constitutes such a finding nor fulfills our mandate because such an inclusion in a collection letter does not, by itself, exempt a party from liability under § 1692e. During the course of the bench trial, evidence, testimonial or otherwise, was received, but without findings of fact on this evidence from the trier of fact, we cannot conduct a meaningful review of the magistrate judge's judgment, and therefore must again remand. *See Kelley v. Everglades Drainage Dist.*, 319 U.S. 415, 422 (1943) (holding that "a proper determination of the questions of law . . . cannot be made in the absence of suitable findings"). Based on the record before us, therefore, we conclude that the district court failed to determine properly whether J.V.D.B.'s letter to Turner implied to a reasonably objective, but unsophisticated consumer that the debt discharged in bankruptcy was still payable. The district court's judgment for J.V.D.B. is vacated and remanded for proceedings consistent with this order. Circuit Rule 36 shall apply on remand.