Travis L. **REED** and Tara Y. **Reed**, Plaintiffs,

v.

**AID ASSOCIATES, INC.**, a New York corporation, d/b/a Plaza Associates, Defendant.

No. 1:06–cv–1212–LJM–WGH.

United States District Court, S.D. Indiana, Indianapolis Division.

Aug. 20, 2008.

David J. Philipps, Mary E. Philipps and Steven A. Halbert of Philipps & Philipps, Ltd. Palos Hills, IL, for Plaintiffs.

David M. Schultz, Stephen D. Vernon and Corinne C. Heggie of Hinshaw & Culbertson LLP, Chicago, Illinois, for Defendant.

### *ORDER*

LARRY J. McKINNEY, District Judge.

When the Court made its rulings on the parties', Travis L. Reed and Tara Y. Reed ("the Reeds"), and AID Associates, Inc., doing business as Plaza Associates ("Plaza"), motions *in limine*, the Court took under advisement the Reeds' motion that called into question the Reeds' burden of proof at trial on their claim under 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act ("FDCPA"). This question is also raised by the parties' jury instructions and objections thereto. In addition, the parties have raised arguments about Plaza's burden of proof on its bona fide error defense. Although the correct jury instructions are no longer at issue because the parties have waived a jury in this matter, the arguments are still relevant to the Reeds' motion *in limine* and to the Court's decision on the merits. It is in that context that the Court now issues this Order.

## I. *PLAINTIFFS' BURDEN OF PROOF*

In this case, the Reeds contend that under § 1692e they need only prove that Plaza's letter was "false" in that it states that the Reeds owed the debt but, by reason of their bankruptcy, they did not owe the debt. In contrast, Plaza asserts that the Reeds must prove that an unsophisticated, but reasonable, consumer would have been mislead by the letter.

After analyzing the case law, the Court concludes that the Seventh Circuit clearly

and unequivocally stated the standard for a plaintiff's § 1692e claim in *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991 (7th Cir.2003). In that case, like in this one, a debtor sued a debt collector under § 1692e for sending a letter demanding payment of a debt that had been discharged by the debtor's bankruptcy. The question in *Turner* was whether the debt collector's knowledge of the debtor's bankruptcy was relevant to liability under the statute. *Id.* at 995. Answering that question in the negative, the Seventh Circuit also stated: "[O]ur test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer." *Id.* (citing *Gammon v. GC Servs., Ltd. P'Ship*, 27 F.3d 1254, 1257 (7th Cir.1994); *id.* at 1259 (Easterbrook, J., concurring)). *Turner* could not be more clear about a plaintiff's burden under § 1692e: A plaintiff must prove by a preponderance of the evidence that "the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer." *Id.*

None of the cases cited by the Reeds support a different standard. For example, in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir.2004), the Seventh Circuit merely resolved the question of whether § 362(h) of the Bankruptcy Code preempts § 1692e of the FDCPA. *Id.* at 730–733 (deciding that the two remedies are concurrent and not exclusive because there are different standards and remedies under each statute). There is no mention in *Randolph* of a different standard under § 1692e. In addition, in *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007), addressed whether the standard for a § 1692e claim was the same if the debt collector's letter was sent to an attorney rather than the debtor. The Seventh Circuit decided that the standard was different in that case, namely, whether the debt collector's representation is likely to deceive a competent lawyer, and pointed out an exception when the false claim was one of fact. *Id.* at 775. There is no mention in *Evory*, however, of a different standard under § 1692e for letters sent to consumers.

Turning now to the questions presented by the relevant motion *in limine*, Plaza sought to include evidence that the Reeds had filed two other lawsuits under the FDCPA against two other debt collectors over the same debt and under the same provision. Plaza contends that this is relevant to their knowledge or sophistication as debtors. The Court concludes that the Reeds' prior lawsuits would only be relevant if the Reeds intend to use their own testimony as evidence of how an unsophisticated, but reasonable, consumer would have viewed Plaza's letter. The Reeds' motion *in limine* to bar Plaza's proffer of exhibits related to the Reeds' prior lawsuits remains **UNDER ADVISEMENT** until the Reeds present their evidence on this issue.

▮ Plaza has also raised the issue of whether the Reeds need survey evidence to prove that Plaza's letter would have deceived or mislead an unsophisticated, but reasonable, consumer. Although the Seventh Circuit has discussed survey evidence as probative of this issue, in *McMillan v. Collection Professionals Inc.*, 455 F.3d 754 (7th Cir.2006), the court stated that such evidence is not required; rather, it "is *one way* to create a triable issue of fact as to how an unsophisticated consumer would interpret a collection letter." *Id.* at 760 (citing *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005); *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir.2004); *Walker v. Nat'l Recovery, Inc.*, 200 F.3d

500, 501 (7th Cir.1999); *Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1060 (7th Cir.1999)).

## II. *DEFENDANT'S BURDEN OF PROOF*

█ The Reeds contend that for Plaza to succeed on its bona fide error defense Plaza first must show that its actions were unintentional. Plaza has implied that the defense has no such requirement. The Court agrees with the Reeds that the bona fide error defense, found at 15 U.S.C. § 1692k(c), requires the debt collector to show "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Id.* To clarify, Plaza must show that the violation was unintentional, not that the communication itself was unintentional. In addition, Plaza must show that the error was bona fide, "[t]hat is, if made, it was an error made in good faith; a genuine mistake, as opposed to a contrived mistake." *Kort v. Diversified Collection Servs., Inc.,* 394 F.3d 530, 537 (7th Cir. 2005). Finally, Plaza must show that it employed a procedure reasonably adapted to avoid the error. *Id.* at 538. The Court notes that Plaza need not employ a procedure that catches every error before it is made, rather it must have reasonable procedures to prevent errors to succeed in its defense. *See Hyman v. Tate,* 362 F.3d 965, 968 (7th Cir.2004) (discussing the types of procedures that have been found reasonable and clarifying the "reasonableness" standard of § 1692k(c)).

## III. *CONCLUSION*

The parties shall proceed at trial with the standards set forth in this Order.