Filed 8/15/13

<u>CERTIFIED FOR PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>PERSOLVE, LLC. et al.,<br><br>    Defendants and Respondents. | F064571<br><br>(Super. Ct. No. CV-269263)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Lisa S. Green, District Attorney, and John T. Mitchell, Deputy District Attorney, for Plaintiff and Appellant.

Ellis Law Group, Mark E. Ellis and Andrew Steinheimer for Defendants and Respondents.

-ooOoo-

Appellant, the People of the State of California, through the Kern County District Attorney (the People), filed a civil law enforcement action against respondents, Persolve, LLC (Persolve), a debt collection company, and Persolve's attorneys, Alaine Patti-Jelsvik and Edit Alexandryan.  The People alleged that respondents repeatedly violated

California's Rosenthal Fair Debt Collection Practices Act (California Act) and the Federal Fair Debt Collection Practices Act (Federal Act). (Civ. Code, § 1788 et seq.; 15 U.S.C. § 1692 et seq.) Based on these allegations, the People set forth one cause of action for violation of California's Unfair Competition Law. (Bus. & Prof. Code, § 17200 et seq.)

The issue on appeal is whether the People's complaint against Persolve and its lawyers is barred by the litigation privilege. (Civ. Code, § 47, subd. (b).) The trial court concluded that it was because the conduct alleged to be unlawful consisted of communications and communicative acts related to judicial proceedings. Accordingly, the trial court sustained respondents' demurrer to the complaint without leave to amend and dismissed the action.

The People contend the litigation privilege does not bar the complaint because the unfair competition law cause of action is predicated on violations of federal and state debt collection laws. According to the People, an exception to the litigation privilege should be recognized here because the California Act and the Federal Act are more specific than the privilege and would be significantly or wholly inoperable if the privilege applied.

We agree with the People insofar as the conduct at issue is specifically prohibited by the California Act and/or the Federal Act. The People's unfair competition law claims that are based on such specifically prohibited conduct are not barred by the litigation privilege. Therefore, the judgment will be reversed.

## BACKGROUND

Since the appeal is from the sustaining of a demurrer without leave to amend, the facts are derived from the complaint. This court must give the complaint a reasonable interpretation and assume the truth of all material facts properly pleaded. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) The operative pleading is the third amended complaint.

2.

Persolve is a debt collection company. Persolve purchases old, defaulted debt in batches of 1,000 or more accounts at a time, for which it pays pennies on the dollar. Thereafter, Persolve sends a letter to the debtors demanding payment. These letters are sent to the debtors by Persolve's attorneys, Patti-Jelsvik and Alexandryan.

According to the People, the letters Persolve sends to debtors are misleading, unlawfully threaten postjudgment remedies to which respondents are not entitled, and fail to make full disclosures required by the California Act and the Federal Act. Specifically, the People allege that Persolve: violated the Federal Act's prohibition against false and misleading representations by failing to accurately apprise debtors of the total amount required to settle the account (15 U.S.C. § 1692e); violated the verification requirement by specifying conflicting time periods of both 30 and 10 days for the debtors to respond to letters and by threatening legal action before the expiration of the required 30-day period (15 U.S.C. § 1692g(a)); and violated provisions of the California Act and the Federal Act by threatening to obtain attorney fees that Persolve was not entitled to (15 U.S.C. § 1692e; Civ. Code, § 1788.17). The People further allege that when Persolve filed collection actions in the trial court, it published personal information about the debtors, including social security numbers and driver's license numbers, in violation of the California Act and the Federal Act.

Based on these alleged violations of the state and federal debt collection acts, the People set forth a single cause of action for violation of the unfair competition law against respondents.[1] The People sought an injunction restraining respondents from violating the California Act and Federal Act and orders requiring respondents to pay civil penalties and restitution.

---

[1] Only the person who owes the debt or is otherwise obligated to pay the debt has standing to assert violations under the California Act and the Federal Act. (Civ. Code, §§ 1788.2, subd. (h), 1788.30, subd. (a); 15 U.S.C. § 1692a(3); *Sanchez v. Client Services, Inc.* (N.D. Cal. 2007) 520 F.Supp.2d 1149, 1155, fn 3.)

Respondents demurred to the complaint on the ground that every claim comprising the cause of action for violation of the unfair competition law was barred by the litigation privilege. The trial court agreed and sustained the demurrer without leave to amend. The trial court noted the parties did not dispute that the complaint was based solely on communications and communicative acts related to judicial proceedings and concluded that no exception to the litigation privilege applied.

## DISCUSSION

### 1. *The Unfair Competition Law.*

The unfair competition law forbids acts of "unfair competition." "Unfair competition" includes "any unlawful, unfair or fraudulent business act or practice." (Bus. & Prof. Code, § 17200.)

Because the unfair competition law is written in the disjunctive, it establishes three varieties of unfair competition. The acts or practices may be unlawful, *or* unfair, *or* fraudulent. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180 (*Cel-Tech*).) ""In other words, a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa."" (*Ibid.*) For example, a "fraudulent" practice does not refer to the common law tort of fraud. Rather, to state an unfair competition law claim "one need only show that 'members of the public are likely to be deceived.'" (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1267.)

"Unlawful" business activity under the unfair competition law, as is alleged in this case, includes "'anything that can properly be called a business practice and that at the same time is forbidden by law.'" (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 113.) Thus, the unfair competition law ""borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable. [Citations.]" (*Cel-Tech, supra,* 20 Cal.4th at p. 180.) Accordingly, the unfair competition law's scope is broad.

However, the unfair competition law's scope is not unlimited. Courts may not simply impose their own notions as to what is fair or unfair. (*Cel-Tech, supra*, 20 Cal.4th at p. 182.) If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination and declare the conduct unfair. "When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor." (*Ibid*.) However, the Legislature's mere failure to prohibit an activity does not prevent a court from finding it unfair. Accordingly, while plaintiffs may not "'plead around'" a "'safe harbor'" by recasting the cause of action as one for unfair competition, the "'safe harbor'" must be more than the absence of danger. (*Id*. at pp. 182, 184.) Here, the trial court found that the litigation privilege under Civil Code section 47, subdivision (b), provided such a "safe harbor" for respondents.

## 2. *The litigation privilege.*

A "publication or broadcast" made as part of a "judicial proceeding" is privileged under Civil Code section 47, subdivision (b). In general, this privilege applies to any communication that is made in judicial or quasi-judicial proceedings by litigants, or other participants authorized by law, to achieve the objects of the litigation. Further, the privilege covers communications that have some connection or logical relation to the action. (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) Thus, the privilege covers communications made "to achieve the objects of the litigation, even though the publication is made outside the courtroom," including communications having some relation to an *anticipated* lawsuit that is contemplated in good faith and under serious consideration. (*Silberg, supra,* 50 Cal.3d at p. 212; *Rubin v. Green* (1993) 4 Cal.4th 1187, 1194-1195 (*Rubin*).) Moreover, the privilege is absolute in nature, applying "'to all publications, irrespective of their maliciousness.'" (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241 (*Action Apartment*).)

The purposes of the litigation privilege are to: afford litigants and witnesses free access to the courts without fear of being harassed by later derivative tort actions; encourage open channels of communication and zealous advocacy; promote complete and truthful testimony; give finality to judgments; and avoid unending litigation. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1063.) In other words, the privilege seeks to encourage free access to the courts and finality of judgments by limiting tort claims arising out of litigation-related misconduct and by favoring sanctions within the original lawsuit. (*Ibid.*) Thus, the privilege bars tort claims other than for malicious prosecution. It has also been interpreted to preclude constitutional and statutory causes of action. (*Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal.App.4th 324, 336-337 (*Komarova*).) Moreover, the litigation privilege applies to derivative suits brought by parties who were not involved in the underlying litigation. (*Action Apartment, supra,* 41 Cal.4th at pp. 1247-1248.)

However, the litigation privilege is not without limit. (*Action Apartment, supra,* 41 Cal.4th at p. 1242.) Courts have found exceptions to the litigation privilege based on irreconcilable conflicts between the privilege and other coequal state laws. (*Id.* at p. 1247.) For example, the litigation privilege does not apply to perjury, subornation of perjury, false report of a criminal offense, and "'attorney solicitation through the use of "runners" or "cappers."'" (*Id.* at p. 1246.) The recognition of these exceptions has been guided by the "'rule of statutory construction that particular provisions will prevail over general provisions.'" (*Ibid.*) If a statute is more specific than the litigation privilege and would be significantly or wholly inoperable if the privilege applied, the privilege will not shield violations of that statute. (*Ibid.*)

Here, as found by the trial court, the communications upon which the complaint is based were related to judicial proceedings. At a minimum, these communications had some relation to anticipated litigation. Thus, the litigation privilege would generally apply. The issue is whether the unfair competition law's "unlawful" business practice

cause of action based on claimed violations of the California Act and the Federal Act can be prosecuted under an exception to the litigation privilege.

**3.** ***The privilege does not apply to causes of action based on violations of the California Act and the Federal Act.***

One reported California case has addressed the interplay of the California Act and the litigation privilege. (*Komarova, supra,* 175 Cal.App.4th 324.) In *Komarova*, the plaintiff filed a lawsuit against the defendant debt collection company based on the defendant's abusive attempts to collect a debt the plaintiff did not owe. A jury found in the plaintiff's favor and awarded damages for violations of the California Act and for intentional infliction of emotional distress. On appeal, the defendant argued that plaintiff's action was barred by the litigation privilege.

The *Komarova* court concluded that the litigation privilege cannot be used to shield violations of the California Act. (*Komarova, supra,* 175 Cal.App.4th at p. 337.) The court noted that conduct prohibited by the California Act, such as harassing phone calls, would be negated by the privilege. Unfair debt collection practices could be immunized merely by filing suit on the debt. (*Id.* at p. 340.) Since applying the privilege to the California Act would effectively vitiate the law and render the protections it affords meaningless, the court found the litigation privilege and the California Act could not be reconciled. (*Id.* at pp. 338-339.) The court further observed that civil statutes for the protection of the public, such as the California Act, should be interpreted broadly in favor of that protective purpose. (*Id.* at p. 340.) Accordingly, the court held that the conduct specifically prohibited by the California Act was excepted from the litigation privilege. The court concluded that the California Act was the more specific statute and that the California Act would be significantly inoperable if it did not prevail over the privilege where the two conflict. (*Id.* at pp. 339-340.)

As to the claim for intentional infliction of emotional distress, the *Komarova* court held that it was prohibited by the litigation privilege. The court noted that this claim was

the very sort of derivative suit the privilege is meant to preclude. (*Komarova, supra,* 175 Cal.App.4th at p. 343.)

The *Komarova* analysis is equally applicable to the Federal Act. Conduct specifically prohibited by the Federal Act would also be negated by the litigation privilege. In fact, the California Act requires compliance with a number of the Federal Act's provisions. (Civ. Code, § 1788.17.)

Respondents acknowledge the holding in *Komarova* and concede that the litigation privilege would not bar a claim under the Federal Act but note that this case was not brought under the California Act or the Federal Act. Rather, the People are prosecuting this action under the unfair competition law. According to respondents, the unfair competition law is broad in scope and thus is not more specific than the litigation privilege.

Respondents are correct that certain unfair competition law actions are within the scope of the litigation privilege. In *Rubin, supra,* 4 Cal.4th 1187 the court held that a plaintiff's attempt to prosecute a claim for an injunction under the unfair competition law against the opposing side's attorneys for wrongfully soliciting the litigation against him was barred by the litigation privilege. (*Id.* pp. 1203-1204.) Although solicitation by an attorney is unlawful under the Business and Professions Code, the court found there was no indication the Legislature intended to immunize causes of action under that statute from traditional privileges. (*Id.* at p. 1201.) Moreover, the unfair competition law action in *Rubin* was collateral to the lawsuit brought by the defendants against the plaintiff where the defendants were represented by the attorneys against whom the plaintiff was seeking an injunction. Thus, *Rubin* was a case of a retaliatory suit based on litigation-related communications. The plaintiff could not use a different label for pleading what was in substance an identical grievance arising from identical conduct as that protected by the privilege. (*Id.* at p. 1203.)

Similarly, in *People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950 (*Gallegos*), the court held that an unfair competition law action filed by a district attorney on behalf of the state against a lumber company was barred as a matter of law by the litigation privilege. This complaint was based on allegations that the lumber company had intentionally misrepresented and concealed crucial facts during California's Environmental Quality Act (CEQA) administrative proceedings. The court concluded that, in the context of this allegedly fraudulent business practice, the unfair competition law was not necessarily more specific than the litigation privilege and would not be significantly or wholly inoperable if it were barred by the litigation privilege. (*Gallegos, supra,* at p. 962.) The court further noted that the state was a party to the CEQA proceedings and, even if it had not been, there is no broad exception to the litigation privilege for parties who did not participate in the underlying litigation. (*Gallegos, supra,* at pp. 960-961.)

Here, however, conduct underlying the unlawful business claim is specifically prohibited by the Federal Act and the California Act. As noted above, the unfair competition law "'"borrows" violations of other laws and treats them as unlawful practices.'" (*Cel-Tech, supra,* 20 Cal.4th at p. 180.) Where, as here, the "borrowed" statute is more specific than the litigation privilege and the two are irreconcilable, unfair competition law claims based on conduct specifically prohibited by the borrowed statute are excepted from the litigation privilege. Applying the privilege to unlawful practices based on specific violations of the California Act and the Federal Act would effectively render the protections afforded by those acts meaningless. In contrast, in both *Rubin* and *Gallegos,* the application of the litigation privilege did not render the prohibitions underlying the unfair competition claims significantly or wholly inoperable. Civil statutes for the protection of the public should be interpreted broadly in favor of their protective purpose. Accordingly, the People's unfair competition law claims that are based on conduct that is specifically prohibited by the California Act and/or the Federal

9.

Act are not barred by the litigation privilege.  (*Komarova, supra,* 175 Cal.App.4th at pp. 339-340.)

## DISPOSITION

The judgment is reversed and the matter remanded for further proceedings.  Costs on appeal are awarded to appellant.


_____

LEVY, Acting P.J.

WE CONCUR:


_____

GOMES, J.


_____

KANE, J.