In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3806

MICHAEL TODD,

*Plaintiff-Appellant*,

*v.*

COLLECTO, INC. d/b/a ESO CCA,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 4984 — **Ronald A. Guzmán**, *Judge.*

SUBMITTED MAY 22, 2013[*] — DECIDED October 2, 2013

Before ROVNER, WILLIAMS, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Plaintiff-appellant Michael Todd
sued Collecto, Inc. for violating the Fair Debt Collection
Practices Act. The claims are based on Todd's allegations that
Collecto called him and told him that his mother owed money

---

[*] After examining the briefs and the record we have concluded that oral
argument is unnecessary . Thus, the appeal is submitted on the briefs and
the record . See Fed. R. App. P. 34(a)(2)(C).

to AT&T. Todd speculates that the disclosure was meant to encourage him either to pay the debt himself or to convince her to pay.

The district court dismissed Todd's complaint for failure to state a claim for relief, finding that Todd lacks standing to bring these FDCPA claims because he is not the person who supposedly owed the debt. Todd argues on appeal that the FDCPA provisions in question protect not only debtors but also other persons harmed by a violation. We agree with the district court that 15 U.S.C §1692b(2), which prohibits debt collectors from disclosing a consumer's debt to third parties, protects only the person whose debt was disclosed. We agree with Todd that non-debtors can sue under §1692f, which prohibits debt collectors from using "unfair or unconscionable" collection practices, but we conclude that his allegations do not state a claim for relief under that provision. We thus affirm the district court's judgment.

We begin with the allegations in the complaint. Todd alleges that in May 2012 he received a recorded telephone message from Collecto inviting him to call and help the company locate his mother, Terry. When he called the number, a Collecto representative told him that his mother owed money to AT&T for cell phone service. Todd told the representative that he is not Terry, but the representative "continued to discuss the alleged debt." At no point did the representative ask how to reach Terry. Todd speculates that the representative disclosed Terry's debt in hopes that Todd would pay it or would get his mother to pay, though the representative did not ask Todd to pay the debt or to contact Terry. This interaction, Todd alleges, harmed him emotionally.

Todd claims that Collecto violated two provisions of the FDCPA during their conversation. The first is 15 U.S.C. §1692b, which permits a debt collector to call a third party to request help in locating a "consumer"—defined as "any natural person obligated or allegedly obligated to pay any debt," §1692a(3)—but prohibits revealing the existence of the consumer's debt to the third party. The second provision is §1692f, which more generally prohibits using "unfair or unconscionable means to collect or attempt to collect any debt." This provision lists some specific practices that are unfair per se, but the list of prohibited practices does not "limit[] the general application" of §1692f to other unfair or unconscionable practices. Todd says Collecto violated §1692f by implicitly seeking to collect his mother's debt either from or through Todd.

Absent different indications from statutory text, only a person within a statutory provision's "zone of interest" has standing to sue under it. *Harzewski v. Guidant Corp.*, 489 F.3d 799, 803 (7th Cir. 2007); *Kyles v. J.K. Guardian Sec. Services, Inc.*, 222 F.3d 289, 294 (7th Cir. 2000). Relying on our decision in *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938 (7th Cir. 2011), the district court concluded that Todd does not have standing to sue under any provision of the FDCPA because he is not the person who was alleged to owe the debt in question. *O'Rourke* included some broad language to that effect, so the district court's reasoning is certainly understandable. We need to clarify, though, that *O'Rourke* should not be read so broadly.

In *O'Rourke*, a consumer sued a debt collector under §1692e—a different section of the FDCPA that prohibits false or misleading communications from a debt collector—alleging

that one of the debt collector's filings in ongoing litigation was misleading. We concluded that a potentially misleading communication to a judge is not actionable under §1692e. In explaining that conclusion, we used broad language that, if taken out of context, could be read to say that only a "consumer" (*i.e.*, a debtor or alleged debtor) can have a claim for relief under §1692e or any other section of the FDCPA. See *id.* at 943–44 ("[W]e read the Act's protections as extending to consumers and those who stand in the consumer's shoes and no others."). Although the district court acknowledged that *O'Rourke* does not dictate the outcome in this case, the court relied upon that broad language and concluded that no communication between a debt collector and someone other than a consumer is actionable unless the recipient of the communication "stands in the shoes" of the consumer.

Todd argues that both §1692b(2) and §1692f permit claims by any aggrieved recipient of a communication from a debt collector. The parties do not cite, and we have not found, any published appellate decision deciding whether either provision applies to a plaintiff who is not a "consumer," but we find sufficient guidance from the text of the two provisions, as well as decisions interpreting them and other sections of the FDCPA.

Before addressing sections 1692b(2) and 1692f specifically, we must clarify that *O'Rourke* should not be read to foreclose all FDCPA claims by persons other than consumers and their proxies. Such a broad reading would place that decision in tension with the text of several provisions of the FDCPA, as well as the act's legislative history and much appellate precedent interpreting it. In enacting the FDCPA, Congress specified

that a "group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer. These people are also protected by this bill." H.R. Rep. No. 95-131, at 8 (1977).

This intent to extend protection beyond consumers is clearly embodied in §1692k(a), the liability provision, which specifies that "any debt collector who fails to comply with any provision of this subchapter *with respect to any person* is liable to such person." (Emphasis added.) Similarly, §1692d says that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt." (Emphasis added.) Behavior that violates §1692d includes threats, violence, obscene language, and repeated calls intended to annoy. §1692d(1)–(2), (5).

When the issue has arisen, therefore, courts have stressed that §1692d is not a protection just for consumers but for *any* person mistreated by a debt collector. See *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 363 (6th Cir. 2012) (reversing dismissal of claim by debtor's spouse); *Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003) (using section-by-section analysis to decide standing under the FDCPA); see also *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773 (7th Cir. 2007) (explaining that §§ 1692d, 1692e, and 1692f "do not designate any class of persons … who can be abused, misled, etc., by debt collectors with impunity," and emphasizing the words "any person" in §1692d). In contrast to §1692d, §1692c restricts debt collectors' communications with and about consumers and is understood to protect only the consumer-debtors themselves. *Montgomery*, 346 F.3d at 696; *Wright v.*

*Finance Service of Norwalk, Inc.*, 22 F.3d 647, 649 n.1 (6th Cir. 1994) (en banc).

Accordingly, each provision of the FDCPA must be analyzed individually to determine who falls within the scope of its protection and thus to decide "with respect to" whom the provision can be violated. See *Montgomery*, 346 F.3d at 696–97 (explaining that someone who is not a consumer has standing under §1692d but not under §1692c). In *O'Rourke*, this court addressed only §1692e, and we also did not consider claims under that provision by plaintiffs who are not consumers. The broad language in the opinion must be understood in that context.

We turn to the specific provisions that Todd invokes. The first is §1692b, which provides debt collectors with procedures for requesting information from a third party about a consumer's location. Among other limitations, debt collectors are prohibited from disclosing to the third party that a consumer owes a debt, §1692b(2), and it is this rule that Todd alleges Collecto violated. But the "zone of interest" requirement disallows suits by plaintiffs "whose interests are unrelated to the statutory prohibitions" in question. *Thompson v. North American Stainless, LP*, 131 S. Ct. 863, 870 (2011). We therefore agree with the district court that §1692b(2) of the FDCPA is a privacy protection only for the consumer who supposedly owes the debt. The provision simply is not designed to protect third parties from hearing about another person's debts. Such a purpose would be inconsistent with §1692c(b), a provision that places control over the disclosure of a consumer's information squarely in the hands of the consumer, not the third party who may receive the disclosure. See *id.* ("Except as provided

in section 1692b of this title [for requesting location information], *without the prior consent of the consumer* given directly to the debt collector … a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.") (emphasis added). Todd thus is outside the provision's zone of interest and lacks standing to bring a claim for a violation of §1692b(2).

The second FDCPA provision Todd invokes, §1692f, includes a general prohibition on unfair and unconscionable debt collection practices. Unlike §1692d, this section does not indicate that it protects "any person." But the reach of §1692f is readily apparent, and we conclude that anyone aggrieved by a debt collector's unfair or unconscionable collection practices can fall within the provision's zone of interest. This conclusion is supported by the provision's broad language and by the example in §1692f(5), which prohibits debt collectors from causing charges for collect calls or other communications "to be made to any person … by concealment of the true purpose of the communication." For example, if a debt collector makes a collect call to someone other than a consumer (perhaps to learn how to contact the consumer) and disguises the purpose of the call to induce the person to accept the charges, it would be the person called, not the consumer, who would have a claim against the debt collector under §1692f. Consistent with our understanding, the Federal Trade Commission advises the public on its website that the FDCPA protects the family members of deceased debtors from being unfairly pressured to pay their debts. See Federal Trade Commission, "Debts and

D e c e a s e d       R e l a t i v e s , "
http://www.consumer.ftc.gov/articles/0081-debts-and-deceas
ed-relatives (last visited Sept. 12, 2013).

Todd thus has standing to sue under §1692f for his own
injuries even though he is not the consumer from whom
Collecto sought to collect. (Just as with §1692b(2), he also does
not have standing to sue under §1692f on Terry's behalf.) Still,
his suit may not proceed if his allegations do not plausibly
describe a debt collection practice that was unfair or unconscio-
nable with respect to him. 15 U.S.C. §§ 1692f, 1692k; see
*Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634–35
(7th Cir. 2012) (applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to
FDCPA claims). Whether a particular collection practice other
than those specified in §1692f qualifies as unfair or unconscio-
nable is assessed objectively and is a question for the jury
unless reasonable jurors could not find that the practice
described rose to that level. *Turner v. J.V.D.B. & Assoc., Inc.*,
330 F.3d 991, 997–98 (7th Cir. 2003).

Section 1692f's catch-all prohibition on unfairness is "as
vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker &
Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). The FTC has
issued a non-binding interpretation that "[a] debt collector's act
in collecting a debt may be 'unfair' if it causes injury to the
consumer that is (1) substantial, (2) not outweighed by counter-
vailing benefits to consumers or competition, and (3) not
reasonably avoidable by the consumer." FTC Commentary,
53 Fed. Reg. 50,107 (Dec. 13, 1988). But we have rejected this
interpretation as inconsistent with the examples given in
§1692f, some of which, like the prohibition on placing symbols
on a debt-collection envelope, do not require a substantial

injury. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 764–65 (7th Cir. 2006).

Case law, however, provides instructive examples of collection practices—both fair and unfair—that are not specifically addressed in §1692f. Asking a consumer to pay a debt discharged in bankruptcy, for example, is not unfair or unconscionable within the meaning of §1692f, though it violates another provision of the FDCPA. *Turner*, 330 F.3d at 998. Neither is it unfair for a college to withhold a student's transcript until she has settled her debt to the school. *Juras v. Aman Collection Serv., Inc.*, 829 F.2d 739, 742–44 (9th Cir. 1987). On the other hand, seeking a writ of garnishment when the debtor was not behind in making payments can violate §1692f. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1517 (9th Cir. 1994). And closer to Todd's allegations here, in an opinion affirming a judgment in favor of the FTC and against a debt collector for violations of §1692f and other sections of the FDCPA, the Third Circuit described the defendant's practice of calling debtors' family members and demanding payment as one of its most egregious practices, though the court did not specify which provision or provisions this particular conduct violated. See *FTC v. Check Investors, Inc.*, 502 F.3d 159, 164 (3d Cir. 2007) ("Check Investors' tactics apparently knew no limits. It routinely contacted family members of obligors. In one case, Check Investors[] repeatedly called a 64-year old mother regarding her son's debt; fearing that her son would be arrested and carted off to jail, she paid the amount of the demand.").

We conclude that Todd has not stated a plausible claim for relief under §1692f. His allegations about his conversation with

the Collecto representative are simply inadequate to support a claim that Collecto subjected him to an unfair or unconscionable collection practice. During their only conversation, the Collecto representative made no request for payment and no express or even implied threat of repercussions for Todd or his mother. The mere disclosure of Terry's debt and failure to request location information would not allow a reasonable jury to conclude that the treatment of Todd himself was unfair or unconscionable.

The judgment of the district court dismissing the case is therefore AFFIRMED.