Filed 8/12/14  Covarrubias v. Union Adjustment Co. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| IGNACIO COVARRUBIAS,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>UNION ADJUSTMENT COMPANY, INC.,<br><br>    Defendant and Appellant. | B250489<br><br>(Los Angeles County<br>Super. Ct. No. GC051048) |

APPEAL from an order of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Affirmed in part; reversed in part with directions.

Zee Law Group, Tappan Zee and Jamie San Gabriel, for Defendant and Appellant.

No appearance on behalf of Plaintiff and Respondent.

## I.  INTRODUCTION

Defendant, Union Adjustment Company, Incorporated, appeals from an order denying its special motion to strike under Code of Civil Procedure section 425.16.[1] Defendant sought to strike plaintiff's complaint for title slander, process abuse, violation of the Fair Debt Collection Act (15 U.S.C. § 1692 et seq.) and injunctive and declaratory relief.  We affirm the denial of the special motion to strike as to the claims for violation of the Fair Debt Collection Act and injunctive and declaratory relief.  We reverse the order denying the special motion to strike as to the first and second causes of action for title slander and process abuse.  Upon remittitur issuance, as we will discuss in detail, the trial court is to resolve issues concerning costs and attorney fees.

## II.  BACKGROUND

### A.  Plaintiff's Complaint

On March 5, 2013, plaintiff, Ignacio Covarrubias, filed his complaint.  He alleges the following.  Defendant is a collection agency in Burbank, California.  Zee Law Group is a law firm in Alhambra, California.  Tappan Zee is an attorney at law and the principal of Zee Law Group.

On July 30, 1997, defendant entered into a stipulation for judgment with plaintiff's son, Ignacio Covarrubias, Jr., (Mr. Covarrubias).  The stipulation concerned a $2,000 unpaid loan.  Plaintiff was not involved in that litigation.

On April 24, 2007, defendant, through its attorneys of record, Mr. Zee and Zee Law Group, filed a notice of renewal of judgment against Mr. Covarrubias.  On June 19, 2012, defendant through its attorneys, executed an affidavit of identity and order.  The

---

[1]  Further statutory references are to the Code of Civil Procedure unless otherwise noted.

2

affidavit listed "Ignacio Covarrubias" as an additional name by which Mr. Covarrubias was known.

On July 13, 2012, Mr. Zee and Zee Law Group caused an abstract of judgment to be entered against "Ignacio Covarrubias, Jr. aka Ignacio Covarrubias" in defendant's favor. On July 30, 2012, defendant recorded the abstract of judgment against plaintiff's real property located in Walnut, California. Mr. Covarrubias never held an ownership interest in the real property. In November 2012, plaintiff discovered the lien was recorded against his real property when he attempted to "secure and use" his home equity line of credit with his lender, California Bank & Trust. On November 29 or 30 of 2012, plaintiff, through counsel, sent correspondence to defendant and his lender. That correspondence indicated Mr. Covarrubias did not have an ownership interest in plaintiff's real property. Plaintiff contended the affidavit and abstract of judgment lien were in error and should be removed from his property's title report.

Plaintiff's counsel held a telephonic conference with Mr. Zee on November 30, 2012. Mr. Zee denied intending to record an abstract of judgment lien against plaintiff's property. Mr. Zee claimed he would personally follow up with plaintiff's real estate lender, the title company and the county recorder to correct the error.

On February 1, 2013, Mr. Zee served plaintiff's lender with a demand letter. Mr. Zee wrote: "Union Adjustment Co., Inc. is the Judgment Creditor in this matter and is pursuing a judgment abstract lien on [plaintiff's] property . . . . [¶] A property profile report obtained in connection with a pending or proposed levy sale of the aforementioned property, has identified California Bank & Trust as being a lienholder as against the property interest of the judgment debtor and/or recorded against the aforementioned property."

On February 11, 2013, California Bank and Trust notified plaintiff it had terminated his home equity credit line. The lender cited Mr. Zee's February 1, 2013 letter and assumed it was a "'request for payoff related to an enforcement of judgment action'" against plaintiff's property. The lender indicated: "[Mr. Zee's letter] is . . . 'considered to be an adverse change in [plaintiff's] financial condition which,

3

pursuant to the terms of the loan documents, constituted an event of default. As a result of this we sent [plaintiff] an adverse action notice, as required by federal regulation, and froze the credit line . . . .'"

On February 11, 2013, plaintiff's attorney contacted Mr. Zee "to meet and confer prior to" filing suit. However, defendant's attorney failed to return the voicemail. Attached to the complaint are numerous court promulgated documents and communications concerning the disputed debt.

Plaintiff alleges claims for: title slander; process abuse against Mr. Zee and his law firm; and violation of the Fair Debt Collection Practices Act. (15 U.S.C. § 1692 et seq.) The second cause of action for process abuse is based on alleged misconduct arising from the processing of enforcement of judgment documents in the trial court. Plaintiff requests: declaratory and injunctive relief; cancellation of the affidavit of identity and abstract of judgment lien; statutory damages; punitive damages; costs of suit; and all other relief as the court deems proper.

## B. Defendant's Special Motion To Strike

On May 9, 2013, defendant filed its special motion to strike pursuant to section 425.16. Defendant argued: enforcement of the judgment actions against Mr. Covarrubias are subject of section 425.16; plaintiff's title slander claim failed because the recorded abstract of judgment was clearly issued against Mr. Covarrubias; the abstract of judgment listed a social security number ending in 4 digits that were for Mr. Covarrubias, not plaintiff; the abstract named Ignacio Covarrubias, Jr., as the individual in question; the abstract only created a lien against Mr. Covarrubias, not against plaintiff's property; and the conduct of Mr. Zee and his law firm was part of their representation of defendant and was per se protected under section 425.16.

As to the second cause of action, defendant argued: there was no process abuse; process abuse requires a showing that an act done under the authority of the court was for the purpose of perpetrating an injustice; and there was nothing unlawful in how the

4

affidavit of identity and abstract of judgment were obtained. Defendant contended the Fair Debt Collection Practices Act does not apply. Defendant argued plaintiff is not a consumer within the meaning of title 15 United States Code section 1692e(3) and therefore his statutory claim is frivolous. No other ground concerning the application of the title 15 United States Code section 1692 et seq. was raised.

In support of defendant's special motion to strike, Mr. Zee, its counsel, filed a declaration. Mr. Zee secured a "Lexis Report" for Mr. Covarrubias. The Lexis Report for Mr. Covarrubias indicated one of his aliases was plaintiff's name. The report also stated "there was a possibility" that Mr. Covarrubias had an interest in real estate in Pahrump, Nevada and Walnut, California. Mr. Zee admitted filing an Affidavit of Identity and Order which was issued on June 19, 2012. Mr. Zee attached a copy of the affidavit but it is not signed by any judicial officer. On July 13, 2012, Mr. Zee secured an abstract of judgment in the name of "Ignacio J. Jr. Covarrubias aka Ignacio Covarrubias" at plaintiff's residence. The abstract of judgment states that address where Mr. Covarrubias was served was at plaintiff's residence. Defendant is named as the judgment creditor. On November 30, 2012, Mr. Zee had a telephone conference with Emahn Counts, plaintiff's attorney. According to Mr. Zee, "I advised him of the basic legal premise that abstract liens only encumber the interest of judgment debtors in the county where the abstract is recorded. In the instant case, since the judgment debtor was Ignacio J Covarrubias, Jr., and since his client, Ignacio Covarrubias, Sr. had a different social security number, the abstract would not affect any interest of Ignacio Covarrubias, Sr." Mr. Zee denied promising to "follow-up" with plaintiff's real estate lender, the title company or the county recorder. Mr. Zee also declared, "I clearly stated that I would be happy to speak to any title officer that did not understand the basic legal premise that abstract liens only encumber the interest of judgment debtors in the county where the abstract is recorded."

Finally, Mr. Zee had a subpoena duces tecum, dated January 16, 2013, after the abstract of judgment was issued, served on California Bank & Trust. Mr. Zee declared: "[A] records request subpoena and request for beneficiary statement were sent to

5

California Bank & Trust on February 1, 2013 to request documentation clarifying the actual owner of the Walnut, California property. The subpoena and the request for beneficiary statement clearly identified the judgment debtor as Jr.—both by name and by full social security number." The subpoena was attached to Mr. Zee's declaration. Defendant provided no other evidence.

On May 30, 2013, plaintiff filed his opposition. Plaintiff argued: defendant's actions did not arise from its constitutional right to petition; defendant's real property lien was unlawful postjudgment conduct unrelated to its constitutional petitioning activity; and, in the alternative, that he had a probability of success as to all his causes of action.

Plaintiff provided a comprehensive declaration in opposition to defendant's special motion to strike. Plaintiff and his wife had lived in their home for over 15 years. Mr. Covarrubias has not lived in their home within the past 15 years. Mr. Covarrubias never held an ownership interest in plaintiff's residence. Mr. Covarrubias and defendant entered into a stipulation for entry of judgment in connection with a $2,000 unpaid loan. The judgment had nothing to do with plaintiff. On April 24, 2007, defendant secured renewal of the judgment.

On June 19, 2012, defendant's attorney, Mr. Zee, executed an affidavit of identity and order naming plaintiff as an additional debtor for Mr. Covarrubias's debt. On July 13, 2012, Mr. Zee secured recordation of an abstract of judgment in the name of Mr. Covarrubias "aka" plaintiff. The abstract of judgment was recorded listing plaintiff as the judgment debtor and his residence. In November 2012, plaintiff's real estate lender notified him the judgment lien would prevent him from obtaining credit or utilizing his home equity line of credit.

On or about November 29 or 30, 2012, plaintiff's counsel corresponded with Mr. Zee, defendant's counsel. Plaintiff's attorney explained that Mr. Covarrubias had no ownership interest in the property. Plaintiff's counsel requested the lien be removed within 10 days. On or about November 30, 2012, a conference call was held with Mr. Zee. Plaintiff was not a party to that conference call. Mr. Zee denied ever intending

to record an abstract of judgment "against" plaintiff's property. Further, Mr. Zee admitted not knowing that Mr. Covarrubias owned any other property.

On February 1, 2013, Mr. Zee sent a letter to California Bank & Trust which stated defendant was pursuing a judgment lien on plaintiff's residence. Mr. Zee wrote: "A property profile report obtained in connection with a pending or proposed levy sale of the aforementioned property, has identified California Bank & Trust as a lienholder as against the property interest of the judgment debtor and/or recorded against the aforementioned property. [¶] Pursuant to California Civil Code § 2943, demand [is] hereby made that California Bank & Trust furnish a Beneficiary Statement and provide the documentation substantiating the lien interest set forth above. While California Bank & Trust has a legal obligation to comply with this request pursuant to California Civil Code § 2943, to insure prompt compliance a subpoena duces tecum seeking the same documents and information is also enclosed." In February 2013 plaintiff was notified by California Bank & Trust his $25,000 home equity line of credit had been terminated. This was because Mr. Zee's February 1, 2013 letter contained a "'request for payoff related to an enforcement of judgment action'" against plaintiff's property. Further, plaintiff's attorney, Mr. Counts, received an e-mail from an attorney for California Bank & Trust which stated: "We assumed the request for payoff related to an enforcement of judgment action against the property in the referenced action and considered such to be an adverse change in the Borrower's financial condition which, pursuant to the terms of the loan documents, constituted an event of default. As a result of this, we sent your client an adverse action notice, as required by federal regulation, and froze the credit line at the current outstanding balance, barring any future draws under the unused portion of the line."

Plaintiff concluded: "On February 11, 2013, I through counsel contacted [Mr.] Zee by telephone to meet and confer prior to filing this instant lawsuit, however, [Mr.] Zee failed to return the voice message. I, through counsel also contacted California Bank & Trust through their counsel, Peggy Standefer, who I heard through voicemail confirm that Defendants' unlawful post-judgment litigation tactics caused the bank to

7

freeze and/or rescind my home equity credit line. This has caused me a significant financial hardship as I am on a fixed income and rely upon my home equity to pay for my basic living expenses."

On June 13, 2013, defendant's special motion to strike was denied. On July 19, 2013, defendant's reconsideration motion was denied. Defendant subsequently appealed.

## III. DISCUSSION

### A. Overview

Section 425.16, subdivision (b)(1) states, "A cause of action against a person arising from any act . . . in furtherance of the . . . right of petition or free speech . . . in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The court must engage in a two-step process when ruling on a special motion to strike. First, the moving party must make a threshold prima facie showing that the challenged cause of action is one "arising from" its conduct in furtherance of the right of petition or free speech. (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 477; *Flatley v. Mauro* (2006) 39 Cal.4th 299, 314; *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) In deciding whether the challenged claim arises from the enumerated conduct in section 425.16, subdivision (e), "[T]he court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2); *Flatley v. Mauro, supra,* 39 Cal.4th at p. 326; *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.) Second, if the court finds such a showing has been made, the burden shifts to plaintiff to establish a probability it will prevail on the merits. (*Episcopal Church Cases, supra,* 45 Cal.4th at p. 477; *Equilon v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 67; *Flatley v. Mauro,* 39 Cal.4th at p. 314.) But as explained by our Supreme Court, we do not weigh the competing evidence: "[W]e neither 'weigh credibility [nor] compare the

8

weight of the evidence.  Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by plaintiff as a matter of law.'" (*Flatley v. Mauro, supra,* 39 Cal.4th at p. 326; *Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th p. 269, fn. 3; accord, *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.)  We review de novo the trial court's ruling on a special motion to strike.  (*Flatley v. Mauro, supra,* 39 Cal.4th at pp. 325-326; *Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at p. 269,  fn. 3.)

### B.  Arising From Issue And The Merits

The issue of whether defendant's conduct arises from the exercise of its petitioning rights within the meaning of section 425.16, subdivision (b) is quite close.  On one hand, efforts to enforce a judgment are petitioning related conduct.  (§ 425.16, subd. (e)(1)-(2); *La Jolla Group II v. Bruce* (2012) 211 Cal.App.4th 461, 471 [lis pendens recordation].)  On the other hand, in special motion to strike first prong analysis we examine the gravamen of the plaintiff's claim.  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78; *Schwarzburd v. Kensington Police Protection & Community Services Dist. Bd.* (2014) 225 Cal.App.4th 1345, 1353.)  The gravamen of a claim is the core injury producing conduct.  (*Hunter v. CBS Broadcasting Inc.* (2013) 221 Cal.App.4th 1510, 1520; *Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1272.)  It can be argued the core injury producing conduct was recorded by the abstract of judgment which identified the wrong person's property.  As our Supreme Court held: "[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-[strategic lawsuit against public participation] statute.  [Citation.]  Moreover, that a cause of action arguably may have been 'triggered' by protected activity does not entail that it is one arising from such. [Citation.]  In the anti-[strategic lawsuit against public participation] context, the critical consideration is whether the cause of action is *based on* the defendant's protected free

9

speech or petitioning activity.  [Citations.]"  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89; accord, *In re Episcopal Church Cases*, *supra*, 45 Cal.4th at pp. 477-478.)  We examine each cause of action individually to determine if it arises from petitioning-related conduct.  (*Shekhter v. Financial Indemnity Co.* (2001) 89 Cal.App.4th 141, 150; see *Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1201, fn. 17.)

As alleged, the first cause of action's gravamen arises from defendant's petitioning-related activity.  The complaint identifies the disparaging documents as:  the abstract of judgment; the affidavit of identity, and the claim directed to the California Bank & Trust employees.  Preparation of litigation documents arises from petition activity.  (§ 425.16, subd. (e)(1)-(2); *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123.)  The title slander cause of action also alleges defendant communicated facts about the abstract of judgment to a third party, California Bank & Trust.  A statement made concerning litigation to third parties falls within the scope of the special motion to strike statute.  (*Summerfield v. Randolph* (2011) 201 Cal.App.4th 127, 136; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶ 7:624.1, p. 7(II)-14 (rev. # 1, 2014).)  As alleged, the core injury producing conduct was the securing of the enforcement of judgment documents from the trial court.  And, the alleged core injury producing conduct was statements made to California Bank & Trust employees about the enforcement of judgment proceedings.  The alleged conduct arises from petitioning-related activity.

Thus, the burden of proof shifted to plaintiff to make a prima facie showing his claims have minimal merit.  (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 738; *Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 438, fn. 5.)  As such, securing preparation of these documents and communicating about them to the California Bank & Trust employees is protected by the litigation privilege.  (Civ. Code, § 47, subd. (b); *Rusheen v. Cohen* (2006) 37 Cal 4th 1048, 1057-1058, 1061-1065 [litigation privilege, which must be given an expansive reach, extends to securing enforcement of judgment documents and extra-judicial communications concerning the litigation]; *Tom Jones Enterprises, Ltd. v. County of Los Angeles* (2013) 212 Cal.App.4th 1283, 1293-1297

10

[litigation privilege extends to negligent instructions given by a sheriff's employee to a bank to release funds]; *Alpha & Omega Development, LP v. Whillock Contracting, Inc.* (2011) 200 Cal.App.4th 656, 665-668 [recordation of notice of pending action subject to litigation privilege].)  Because of the litigation privilege, plaintiff could not have prevailed on the first cause of action for title slander.  Thus, the special motion to strike the first cause of action should have been granted.

As to the second cause of action for process abuse, it is based upon statements made to the superior court clerk while securing the abstract of judgment.  This is a classic example of petitioning-related conduct.  (§ 425.16, subd. (e)(1)-(2); *Briggs v. Eden Council for Hope & Opportunity*, *supra*, 19 Cal.4th at p. 1123.)  Therefore, the burden of proof shifted to plaintiff.  (*Jarrow Formulas, Inc. v. LaMarche*, *supra*, 31 Cal.4th at p. 738; *Linder v. Thrifty Oil Co.*, *supra*, 23 Cal.4th 429 at p. 438, fn. 5.)  We agree with defendant that any misstatements made in this regard are protected by the Civil Code section 47, subdivision (b) litigation privilege.  (*Rusheen v. Cohen*, *supra*, 37 Cal 4th at pp. 1061-1063; *Brown v. Kennard* (2001) 94 Cal.App.4th 40, 47-51; *O'Keefe v. Kompa* (2000) 84 Cal.App.4th 130, 134-135.)  The special motion to strike the second cause of action for process abuse should have been granted.

As to the third cause of action, we need not determine whether it arises from petitioning- related conduct.  If it does, the Civil Code section 47, subdivision (b) litigation privilege does not apply.  Neither California's debtor protection statutes nor the Fair Debt Collection Practices Act are subject to the Civil Code section 47, subdivision (b) litigation privilege.  (*People v. Persolve, LLC* (2013) 218 Cal.App.4th 1267, 1270-1277; *Kamarova v. National Credit Acceptance, Inc.* (2009) 175 Cal.App.4th 324, 336-341; see *Banuelos v. LA Investment, LLC* (2013) 219 Cal.App.4th 323, 331-332.)

And, there is no merit to defendant's contention that plaintiff is not covered by the Fair Debt Collection Practices Act.  Defendant argues that plaintiff is not a "consumer" because he denies any obligation to pay the debt.  Defendant relies upon title 15 United States Code section 1692a(3) which defines a consumer thusly, "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."  Title 15

11

United States Code section 1692a(3) applies to a person in plaintiff's situation who is subject of judicial action to collect a debt. (*Dunham v. Portfolio Recovery Associates, LLC* (8th Cir. 2011) 663 F.3d 997, 1002-1003; *Montgomery v. Huntington Bank* (6th Cir. 2013) 346 F.3d 693, 697; *Ruggia v. Wash. Mut.* (E.D. Va. 2010) 719 F.Supp.2d 642, 647; see *Todd v. Collecto, Inc.* (7th Cir. 2013) 731 F.3d 734, 738.) And the Fair Debt Collection Practices Act extends to persons who may not be debtors if the alleged conduct would be unconscionable as applied to the nondebtor. (*Todd v. Collecto*, *Inc.*, *supra*, 731 F.3d at p. 739; see *Heintz v. Jenkins* (1995) 514 U.S. 291, 292.)

As to the fourth cause of action, declaratory and injunctive relief, the trial court correctly refused to grant the special motion to strike. The sole ground raised in the trial court and here is that plaintiff is not a debtor within the meaning of title 15 United States Code section 1692a(3). The fourth cause of action includes all of the Fair Debt Collection Practices Act allegations. The sole issue raised in the opening brief concerning the fourth cause of action relates to plaintiff's status as a debtor. These allegations, as we have explained in the immediately preceding paragraph, may not be stricken pursuant to section 425.16, subdivision (b). Any other contention concerning the fourth cause of action has been forfeited. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4; *Johnston v. Board of Supervisors* (1947) 31 Cal.2d 66, 70, disapproved on another point in *Bailey v. County of Los Angeles* (1956) 46 Cal.2d 132, 139.) Thus, as to the third and fourth causes of action, the special motion to strike was properly denied.

The sole remaining issue relates to defendant's rights to costs and attorney fees. Ordinarily, defendant would be entitled to its costs and attorney fees incurred on appeal as to the first and second causes of action. (§ 425.16, subd. (c)(1); *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499.) However, it can be argued the heart of plaintiff's claims, wrongful efforts to collect a judgment owed by Mr. Covarrubias, remain in the third and fourth causes of action. It can be argued that defendant has not in any realistic sense been successful. Under those circumstances, defendant would not be entitled to its attorney fees and costs. (*Moran v. Endres* (2006) 135 Cal.App.4th 952, 956; see *Mann v.*

12

*Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 340, 344-345.) Once the remittitur issues, defendant may seek its section 425.16, subdivision (c)(1) costs and attorney fees pursuant to California Rules of Court, rules 3.1700(b) and 8.278(c). The trial court may determine in connection with those proceedings whether defendant has in any realistic sense been successful. The trial court remains free to apportion costs in connection with all other aspects of the litigation to plaintiff. (*Jackson v. Yarbray* (2009) 179 Cal.App.4th 75, 82.) We leave the issue of whether defendant has in any sense been successful and apportionment-related issues in the trial court's good hands.

## IV. DISPOSITION

The order denying the special motion to strike as to the third and fourth causes of action is affirmed. The order denying the special motion to strike as to the first and second causes of action is reversed. Upon remittitur issuance, a new order is to be entered granting the special motion to strike as to the first two causes of action. Plaintiff, Ignacio Covarrubias, is to recover his costs incurred in connection with the third and fourth causes of action, if any. As to the first two causes of action, costs and attorney fees are awarded to defendant, Union Adjustment Co., Inc., subject to the determination described in the immediately preceding paragraph.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.                         KRIEGLER, J.

13